IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JAMES PATRICK STOUGHTON** | § § § | |
| | § | CIVIL ACTION NO. _____ |
| **VS.** | § § | |
| **TARGET CORPORATION** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JAMES PATRICK STOUGHTON, Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of TARGET CORPORATION ("Defendant"or "TARGET"), and for cause of action would show as follows:

**I.
INTRODUCTION**

1. This action seeks equitable relief, compensatory and punitive damages, back pay and benefits, front pay and benefits, attorneys fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for disability and race discrimination and retaliation suffered by Plaintiff during his employment by Defendant.

2. Plaintiff demands a jury on all issues triable to a jury.

**II.
PARTIES**

3. Plaintiff, James P. Stoughton, is a resident of Harris County, Texas.

4. Defendant Target Corporation is a business entity that is licensed to do business in Texas and Defendant may be served by serving its Registered Agent, C T Corporation System, 1999 Bryan Street, Ste 900, Dallas, Texas 75201.

5. Whenever in this petition it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, agents or officers of whole owned companies or subsidiaries, employees and personnel agents or servants committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course an scope of employment of Defendant's officers, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

6. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Southern District of Texas.

7. This court has subject matter jurisdiction in this case pursuant to 28 U.S.C. §1331 (federal question) since Plaintiff is bringing this claim pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and Title VII of the Civil Rights Act, as amended.

8. The Court has personal jurisdiction over the Defendant since Defendant has stores, offices and agents in the Southern District of Texas and does business is in Texas, and it is, therefore, considered to be a citizen of Texas.

9. Alternatively, the Court has personal jurisdiction over Defendant since it maintains sufficient minimum contacts with the State of Texas.

10. The amount in controversy is within the jurisdictional limits of this Court.

11. This Court has jurisdiction over all claims in this action.

12. All conditions precedent to filing this cause of action have been met.

## IV.
## PROCEDURAL REQUISITES

13. Plaintiff filed a charge of disability and race discrimination and retaliation against Defendant under Charge Number 846-2012-26707 with the Equal Employment Opportunity Commission ("EEOC") on or about February 7, 2012.

14. On April 25, 2014, the EEOC issued a Notice of Right to Sue letter entitling Plaintiff to file an action in this Court for race and disability discrimination and retaliation

15. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

16. All conditions precedent to filing this cause of action have been met.

## V.
## FACTS

17. Plaintiff James Stoughton began his employment with TARGET on or about November 1993. Plaintiff at first worked as a cart attendant. He later worked as a cashier, and had various job duties in three different Target stores in the Houston area.

18. James Stoughton suffers from Autism and Dyslexia, which can interfere with his thinking and speech and communication and information processing.

19. Stoughton also has two steel rods in his back, which impairs his mobility. Despite his disabilities, Stoughton can perform all the essential functions of his positions at or above all established standards.

20. Stoughton is currently employed at Target Store No. 2144 at 12701 FM 1960 West, Houston, Texas 77065. At one time, Plaintiff was elevated to the position of head of the Electronics Department, but was later given menial tasks, especially after complaining of discrimination.

21. During his more than 20 years of employment at Target, Stoughton, who is white, has been supervised by mostly black managers and many of his co-workers have been black. In 2009, Manager Betty, who is black, removed Stoughton from the sales floor and made him clean the store's bathrooms and had him remove trash and pick up carts. She also frequently changed his work schedule, knowing that he suffers from Autism, which makes it difficult for him to keep track of changes. Around May of 2010, Betty slandered and made false accusations against Plaintiff. Betty criticized Stoughton's appearance and constantly said that he is not "Target material."

22. Around October 2010, a black employee assaulted Stoughton and ripped a walkie-talkie out of his hand. The incident was caught on a Target security camera.

23. Stoughton reported the attack to his managers and to human resources. For six months, no action was taken. Instead, management kept writing negative remarks about him.

24. Eventually the employee that assaulted Stoughton was discharged. After her termination, Stoughton was subjected to relentless harassment and name calling and taunting and false accusations by Tommy Davis, Betty and other black managers and black employees of the

4

store. Davis asked Plaintiff if he was "stupid."  His work environment became extremely hostile.

25. The store became divided along racial lines. The working environment became so hostile, that Stoughton wrote suicide notes and gave them to his family.

26. On or about October 2011, Stoughton began protesting to management and to Human Resources about race discrimination and the harassment and hostility that was directed at him.

27. After Stoughton complained about the harassment and discrimination, his hours were drastically cut from around 35 to 40 hours a week to 5 hours per week. Manager Betty made it impossible for Stoughton to get his work done and constantly reprimanded him and called him into her office.

28. Management began targeting Stoughton with false write-ups about alleged problems that did not exist.  He was subjected to numerous false charges and hostile treatment that caused him to suffer much stress and anxiety and worry and loss of income and benefits.

29. In 2012, Store Manager Alicia and HR Manager Betty led the harassment and intimidation of Plaintiff.  They treated him much harsher than non-disabled and black employees. Betty tried to discipline Stoughton for employment issues that were false and were removed from his file.  Due to his reduced hours, Stoughton lost his benefits, including health insurance.

30. When the discriminatory and retaliatory treatment did not stop, Plaintiff filed a charge of race and disability discrimination and retaliation with the EEOC on February 7, 2012.

31. Following his EEOC charge, management gave Stoughton bad performance reviews. Before that he had good job reviews.  Stoughton again protested and complained about his harsh and

unequal treatment and his hostile work environment to corporate headquarters and upper management, but no prompt remedial action was taken, causing Stoughton to suffer extreme mental anguish and humiliation for many, many months. He was forced to cash out his 401K due to the loss of his income and benefits. He felt so bad that he wanted to die.

32. Recently, new store management has been brought in, but Plaintiff has never been compensated for the emotional distress and extreme anxiety that he suffered, nor was he compensated for the many lost hours that he was cut, nor have his health and other benefits been restored.

## VII.
## DISABILITY DISCRIMINATION

33. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

34. Defendant has discriminated against Plaintiff in violation of the Americans with Disabilities Act ("ADA") and the ADA Amendments Act of 2008 ("ADAAA").

35. Plaintiff was subjected to different terms and conditions of employment and was terminated by Defendant because of his disability, record of disability or perception that he was disabled, as that term is defined under the ADA and ADAAA. In addition, Defendant violated the above statutes by refusing to provide reasonable accommodation to Plaintiff.

36. Plaintiff was disabled and had a records of a disability and/or Defendant perceived or regarded Plaintiff as being disabled. Plaintiff was substantially impaired from a number of life activities, including but not limited to: thinking, and mobility, among other limitations.

37. However, during Plaintiff's employment with Defendant, he could perform the essential functions of his job, with or without reasonable accommodation.

38. Defendant's subjecting of Plaintiff to different terms and conditions of employment constitute disability discrimination and pursuant to and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the ADAAA.

39. Further, Defendants acted with malice or, in the alternative, with reckless indifference to the federally protected rights of the Plaintiff.

40. As a result of Defendants' actions in violation of the ADA and ADAAA, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in probability will continue to suffer in the future.

## VI.
## RACE AND COLOR DISCRIMINATION
## UNDER TITLE VII AND 42 U.S.C. §1981

41. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

42. Plaintiff is White, a protected group that the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981, 42 U.S.C. § 1981a intended to protect.

43. As such, Plaintiff is a member of an ethnic group which is, and is commonly perceived as being, ethnically and physiognomically distinct.

44. At all relevant times, Plaintiff was qualified for the positions that he held.

45. Defendant discriminated against Plaintiff because of his race and color.

46. Defendant subjected Plaintiff to different terms, conditions and privileges of employment because of his race and color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.*, the Civil Rights Act of 1991, 42 U.S.C. § 1981, 42 U.S.C. § 1981a for which Plaintiffs request compensatory and punitive damages.

47. By the above-described acts, Defendant discriminated against Plaintiff because of his race and color by tolerating and failing to take affirmative action to promptly end the hostile environment, his reduced pay and benefits and by failing to promptly correct these unlawful employment practices, by discriminating against him with respect to the terms, conditions and privileges of his employment because of his race and color, and through denial of their employment rights and benefits, promotions and achievements.

48. Further, Defendants acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Plaintiff.

49. As a result of Defendant's discriminatory actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

## VII.
## RETALIATION

50. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

51. TARGET retaliated against Plaintiff after Plaintiff protested his hostile work environment and unequal treatment and after he filed his EEOC charge. Following his complaints and protests and filing the EEOC charge, Defendant made his working environment more hostile and intolerable, and reduced his pay and eliminated his benefits, in violation of the ADA and ADAAA and Title VII of the Civil Rights Act and 42 U.S.C. § 1981, 42 U.S.C. § 1981a , which contain prohibitions against retaliation.

## XI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Patrick Stoughton respectfully prays that upon final hearing and trial hereof, this Court grant Plaintiff judgment against Defendant Target Corporation, for the following:

    a.    For actual and liquidated damages for the period of time provided by law, including appropriate back pay, and reimbursement for lost pension, insurance, and all other benefits;

    b.    Reinstatement, or front pay, including benefits, in lieu of reinstatement;

    c.    For compensatory damages and punitive damages, including mental anguish damages, as allowed by law;

d. For attorney's fees, expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

e. For pre-judgement and post-judgement interest as allowed by law;

f. For costs of court and costs of prosecuting Plaintiff's claim; and

g. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,
Steven E. Petrou, Attorney at Law

By: *// s // Steven E, Petrou*
Steven E. Petrou
11107 McCracken Cir., Ste A
Cypress, TX.  77429
Phone (281) 970-8555
Fax   (281) 970-8559
State Bar # 00784751
**Attorney for Plaintiff**